Arthur Bourre, p. a.
        vs.                    } Law No. 70809
The Texas Company

Henri J. Bourre
        vs.                    } Law No. 70810
The Texas Company

December 6, 1927.

WALSH, J.   Heard on defendant's motions for new trial in both above cases, after verdicts of $21,000 for Arthur Bourré and $4,000 for Henri Bourré, respectively. The motions are argued on two grounds, viz.: (a) "That the verdicts were against the weight of the evidence," and (b) "that the verdicts were grossly excessive." We may paraphrase these reasons as follows, (a) that the verdicts were against the preponderance of the evidence, and (b) that the amount of damages awarded was excessive.

The actions were on the case for negligence.

On a very stormy day in February, 1926, while a blizzard was blowing and there was 8 inches of snow on a public highway in the City of Woonsocket, to-wit, Greene Street, about 11:30 in the morning, the plaintiff Arthur Bourré, a boy of 8 to 9 years of age, started to cross Greene Street at or about its intersection with Park Avenue, a main thoroughfare of said City of Woonsocket. At that time a truck carrying fuel oil, owned and operated by defendant, was making its way slowly up an incline along Greene Street towards Park Avenue. The plaintiff says he got across Greene Street almost to the sidewalk when he slipped and fell and the right rear wheel of the truck went over his left foot lengthwise, seriously injuring it. As to parts of the boy's testimony, he is corroborated by a woman who was looking out of the window in the house at the corner of Park Avenue and Greene Street, and by another woman who was sweeping snow from her steps across the street, at about the time of the injury. Defendant's driver's testimony as to whether he saw the boy before the accident, as to the condition of his windshield, as to whether the windshield wiper was operating, etc., was not convincing. The testimony of the 14 years old boy, Colerick, relied upon in argument by defendant as being conclusive on the question of preponderance of evidence, struck the Court as highly improbable in view of his statement that he was with young Carr at the time and young Carr had placed this truck at Park Avenue the first time he saw it and not down at the foot of the Greene Street hill, about 110 feet away, where Colerick said he first saw the truck. The story of young Colerick does not bear close scrutiny. He fails to ring true in light of the other circumstances in the case and on his theory it would be almost impossible for the plaintiff to have been within 8 feet of the right rear wheel at the time of the accident. If

the jury analyzed the evidence as we have above indicated, the preponderance of the evidence was clearly with the plaintiff, and we cannot say that the jury erred on that point. On the question of liability, therefore, we must refuse to disturb the verdicts.

The father of the boy, Henri Bourré, proved a large financial outlay for operations, hospital service, expert surgical advice and medicines and the award of $4000 to him was not seriously disputed as being fair and reasonable. We think it a fair and just verdict and will not disturb it.

In the boy's case, however, we feel that an award of $21,000 is excessive. The boy suffered a very severe and permanent injury; he has submitted to a number of operations on the injured foot and the prognosis is that he will be obliged to undergo more operations; he has suffered great pain and will, probably, suffer less intense pain for some time to come but the doctors do not emphasize that this condition will extend beyond the time when he has attained his growth. They rather incline to the belief that an operation on this leg when the bones therein have attained their maximum growth and the use of an artificial foot may make the patient fairly comfortable thereafter. The jury may have been influenced in arriving at the amount of damage to the boy by the fact that his expectation of life is about 50 years. The sympathy that the boy created might have influenced them, unconsciously. But from whatever reason the jury acted, we feel that the amount awarded to the boy is such as to shock the conscience of the Court and we cannot allow such a verdict to stand. We feel that justice to defendant demands that this verdict be reduced to a figure which may be generous but is not excessive. We think $15,000 to be such a fair and generous amount.

If the plaintiff in the case of Arthur Bourré p. a. vs. The Texas Company, Law No. 70809, shall enter his remit-

titur in this case for all sums in excess of $15,000 and costs in the office of the Clerk of the Superior Court for the Counties of Providence and Bristol, within ten days of the date of the filing of this rescript, the defendant's motion for a new trial in said case is denied; otherwise, defendant's motion for a new trial is granted.

In the case of Henri J. Bourré vs. The Texas Company, Law No. 70810, the defendant's motion for a new trial is denied.

For plaintiffs: Eugene L. Jalbert.
For defendant: John R. Higgins.